1  SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
2  Sanjiv N. Singh (SBN 193525)
   1650 S. Amphlett Blvd. Suite 220
3  San Mateo, CA 94402
   Phone: (650) 389-2255
4  Email: ssingh@sanjivnsingh.com

5
6  INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
   Michael B. Indrajana (SBN 258329)
7  1650 S. Amphlett Blvd. Suite 220
   San Mateo, CA 94402
8  Phone: (650) 597-0928
9  Email: michael@indrajana.com

10  Attorneys for Plaintiff The Cookie Department, Inc.

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  **THE COOKIE DEPARTMENT, INC.,** a California Corporation, | Case No.: **3:20-cv-09324** |
| 15              Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 16              vs. | **1. FEDERAL TRADEMARK INFRINGEMENT;** |
| 17 | **2. UNFAIR COMPETITION UNDER SECTION 43(A) OF LANHAM ACT;** |
| 18  **THE HERSHEY COMPANY,** a Delaware Corporation; **ONE BRANDS, LLC**, a Foreign Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE. | **3. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.** |
| 22  Defendants. | |
| | **JURY TRIAL DEMANDED** |

23          Plaintiff The Cookie Department, Inc., a California Corporation doing business in
24  California, brings this Complaint for damages, alleging against The Hershey Company,
25  a Delaware Corporation; ONE Brands, LLC, a Foreign Limited Liability Company; and
26  DOES 1 THROUGH 50, as follows:

27

28

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**INTRODUCTION**

1.      This is an action for trademark infringement by Plaintiff The Cookie Department Inc. ("TCD") against Defendants The Hershey Company ("Hershey's) and ONE Brands LLC ("ONE Brands") (collectively, the "Defendants"), alleging infringement of the mark TOUGH COOKIE®. TCD is an independent cookie company in Berkeley, California. TCD has been using the mark TOUGH COOKIE® since 2012 for the purpose of marketing and selling its TOUGH COOKIE® nutritious protein cookie, which in its latest formulation contains 10g of protein, and has acquired trademark registration before the USPTO for the TOUGH COOKIE® mark. In the meanwhile, Hershey's is one of the largest chocolate companies in the world. Hershey's acquired ONE Brands in late 2019 for approximately $397 million. ONE Brands is the manufacturer of the ONE Protein bar that has more than a dozen flavors, sold across the United States in major retailer chains and grocery stores including Walmart, Target, Amazon, 7-Eleven, Trader Joe's, Safeway, and many others. Defendants' ONE Bar Protein Chocolate Chip Cookie Dough flavored bar (the "Infringing Product") bears the mark "TOUGH COOKIES ONLY" on its packaging and advertising material, depicts a chocolate chip cookie image in its packaging, claims 20g of protein per serving, and thus, with these attributes, infringes upon TCD's TOUGH COOKIE® mark. On information and belief, ONE Brands began selling the ONE Protein Chocolate Chip Cookie Dough Bar sometime in 2015 and is one of the best-selling flavors to date.

2.      Indeed, the ONE Protein Chocolate Chip Cookie Dough Bar, marketed as a cookie protein snack, is one of the most popular offerings of the ONE Brands product, currently ranking at #6 on Amazon in Sports Nutrition Protein Bars[1], with estimated sales around 21,047 units per day, and estimated revenue of $479,862 per month. The "TOUGH COOKIES ONLY" mark by Defendants is a clear play on words identical to

---

[1] URL: https://www.amazon.com/ONE-Protein-Chocolate-Gluten-Free-Snacking/dp/B01KYFNZIE/ Last Accessed December 15, 2020.

the same play on words employed by TCD's TOUGH COOKIE® mark, specifically intending to call out and market the protein enriched nature of a chocolate chip cookie flavored protein snack. By using the mark, Hershey's and ONE Brands have and will continue their infringement of TCD's TOUGH COOKIE® mark, creating confusion for consumers, including but not limited to leading consumers to believe: (1) that TCD has been acquired by Hershey's given Hershey's history of acquiring other brands, therefore mistakenly believing that TCD's goods are associated with Hershey's, or (2) that TCD and TOUGH COOKIE® are trying to imitate or replicate Hershey's or ONE Brands products.

## THE PARTIES

3.      At all relevant times, Plaintiff The Cookie Department, Inc. ("TCD") was and is a California Corporation and is authorized to do business and is doing business in the State of California, County of Alameda. Plaintiff has a principal place of business at Berkeley, California.

4.      At all relevant times, Defendant The Hershey Company ("Hershey's") is, and at all relevant times was, a Delaware Corporation with its headquarters and principal place of business in Pennsylvania. Hershey's has a principal place of business at Hershey, Pennsylvania. On information and belief, Hershey's is engaged worldwide in the production, advertisement, and sale of chocolates, candies, and other snacks, as well as a range of other food products.

5.      At all relevant times, Defendant ONE Brands, LLC ("ONE Brands") is, and at all relevant times was, a Foreign Limited Liability Company and wholly owned subsidiary of The Hershey Company with its headquarters and principal place of business in North Carolina. ONE Brands has a principal place of business at Charlotte, North Carolina. On information and belief, ONE Brands is engaged in the production, advertisement, and sale of a variety of snack bars, health bars, workout protein bars, and a variety of other snack products.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

6.     Plaintiff does not know the true names and capacities, whether individual, entities, agents, affiliates, subsidiaries, or otherwise, of Defendants DOES 1 through 50, and therefore designates those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiff.

## NATURE OF THIS ACTION; JURISDICTION AND VENUE

7.     This is an action for trademark infringement and violation of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), and unfair competition under the statutory law of California.

8.     This Court has subject matter jurisdiction of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a) and (b); and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claim.

9.     This suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et seq.

10.     Venue is proper in this Court because pursuant to 28 U.S.C. § 1391(2), the acts and/or omissions complained of took place, in whole or in part, within Alameda County, California. Hershey's and ONE Brands conduct business extensively throughout California, marketing and selling their food products to thousands in California, and are therefore subject to the personal jurisdiction of this judicial district, and have committed the infringement as alleged below in this judicial district.

## GENERAL ALLEGATIONS

### TCD's FULLY FUNCTIONAL COOKIES® and Its TOUGH COOKIE®.

11.     TCD is engaged in the development, production, advertising, and sale of cookie products, and has been doing so since 2009. TCD was founded by Chef Akiva Resnikoff in 2009 in Berkeley, California. Early in its history, TCD launched a line of cookies known as FULLY FUNCTIONAL COOKIES®. TCD launched FULLY FUNCTIONAL COOKIES® as their core line of cookie products focusing on cookies

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

with unique functional ingredients that transform cookies into nutritionally healthier snacks. TCD's four FULLY FUNCTIONAL COOKIES® flavors each contain their own unique ingredients like protein, caffeine, superfoods, and probiotics. It is important to note that from its inception, TCD recognized the importance of branding its FULLY FUNCTIONAL COOKIES® line of products and also the brand FULLY FUNCTIONAL COOKIES® itself. As such, TCD has the following trademark registrations as part of its Intellectual Property and Brand Portfolio (collectively, the "TCD Marks"):

    a.   THE COOKIE DEPARTMENT® (U.S. Reg. 4209436)

    b.   FULLY FUNCTIONAL COOKIES® (U.S. Reg. 4243563)

    c.   AWAKEN BAKED® (U.S. Reg. 4202316)

    d.   TOUGH COOKIE® (U.S. Reg. 6077548)

    e.   GREAT FULL® (U.S. Reg. 4251522)

    f.   SNAP BACK® (U.S. Reg. 4251521)

12.    Each of the FULLY FUNCTIONAL COOKIES® product has a unique feature that is associated with their fanciful and creative names:

    a.   AWAKEN BAKED® contains 40 mg of fair-trade coffee caffeine with rich double chocolate and sea salt.

    b.   GREAT FULL® is vegan and antioxidant-rich, made with sweet potatoes, oats, cranberries, and enhanced with hints of molasses and vanilla.

    c.   SNAP BACK® is infused with the anti-inflammatory benefits of fresh ginger root and cayenne pepper, unsulfured molasses blended with aromatic ground cinnamon, cloves, and nutmeg, giving its distinctive yet subtle spicy flavor.

    d.   TOUGH COOKIE® is made with natural crunch peanut butter, toffee bits, and boosted with rBST whey protein (10 g per cookie), making it a healthier cookie product than traditional cookies.

13.    The TOUGH COOKIE® mark, like the other marks owned by TCD, is a clever, fanciful pun intended to capture the dual attractive features of the product, with

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

1  "tough" referring to its fortified, functional protein content and "cookie" capturing its

2  taste.

3      14.     TCD commenced the use of the TOUGH COOKIE mark in connection with

4  its products at least as early as August of 2012, with 2012 sales of TOUGH COOKIE® in

5  the following states and regions: Michigan, California, Oregon, Washington, Illinois,

6  Oklahoma, New Jersey, Arizona, Louisiana, New York, North Carolina, and Nevada.

7  Since that time, the TOUGH COOKIE mark has been continually used in commerce by

8  TCD on both physical and online retail channels, including at their own website at

9  www.thecookiedepartment.com, online marketplaces like Amazon.com; physical retail

10 locations including national chains including GNC, Robeks, Plaid Pantry, Mission

11 Nutrition, Market of Choice, Hy-Vee, and other physical retail locations listed at the

12 website. Nationwide sales of TOUGH COOKIE products commenced publicly and

13 continuously since 2012.

14     15.     On October 22, 2018, TCD filed a use in commerce application with the

15 USPTO for registration of the mark TOUGH COOKIE® in International Class 030 in

16 connection with its sale of products including "Cookies; Cookies and crackers; Cookies

17 with nuts; Almond cookies; Chocolate covered cookies; Vegan cookies." This application

18 was granted Registration No. 6,077,548 on June 16, 2020. A copy of this registration is

19 attached hereto as Exhibit 1 and is incorporated herein by reference. This registration is

20 valid and subsisting.

21     16.     TCD uses the TOUGH COOKIE® mark and has historically used the mark

22 as a designation of source and quality for its goods. A true and correct copy of TOUGH

23 COOKIE®'s use is attached hereto as Exhibit 2. A side-by-side comparison between

24 TOUGH COOKIE®'s packaging and ONE Brands' Chocolate Chip Cookie Dough

25 Protein Bar with the TOUGH COOKIES ONLY (attached hereto as Exhibit 3) can be seen

26 as follows:

27

28

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402





Exhibit 2 – TOUGH COOKIE®
Packaging

Exhibit 3 – ONE Bar Chocolate Chip Cookie Dough
Protein Bar showing TOUGH COOKIES ONLY in the
front of the packaging.

17.     TCD uses the registration symbol ® on the packaging of its goods and in connection with the advertising of products sold under the TOUGH COOKIE® brand.

18.     TCD's TOUGH COOKIE® mark is inherently distinctive. The mark serves to identify and indicate the source of TCD's goods and services to the consuming public, and to distinguish its goods and services from those of others, including those advertised and sold by Defendants.

19.     Over the years, TCD has prominently used and promoted the TOUGH COOKIE® mark in advertising, promotion, and various other ways. TCD's sales and advertising expenditures under the TOUGH COOKIE® mark has been extensive. TCD has invested considerable effort and resources in marketing and promoting its promotional products using the TOUGH COOKIE® mark. TCD advertises through the internet, direct marketing, trade shows, and other venues and media.

20.     As a result of TCD's long usage and promotion of TOUGH COOKIE®, TOUGH COOKIE® is a distinctive mark, and TOUGH COOKIE® distinguishes TCD

and its goods from others, including those advertised and sold by Defendants. The TOUGH COOKIE® mark is well-known and widely recognized to consumers, and TCD has developed exclusive and valuable goodwill and strong federal and common law rights in TOUGH COOKIE® as a result of the usage and promotion of the mark.

21.     Pursuant to the Lanham Act, TCD's registrations identified above constitute prima facie evidence of: (a) validity of the TOUGH COOKIE® and of the registration of said mark; (b) TCD's ownership of the TOUGH COOKIE® mark; and (c) TCD's exclusive right to use the TOUGH COOKIE® on or in connection with the goods as stated in the registration. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, TCD's registration constitutes constructive notice of TCD's claim of ownership of TOUGH COOKIE®. See 15 U.S.C. § 1072. When Hershey's acquired ONE Brands, it could have and should have identified the USPTO application for trademark protection of TOUGH COOKIE®.

**Defendants' Activities and the Commercial Strength of ONE Bar's Chocolate Chip Cookie Dough.**

22.     Years after TCD began using and/or registered the TOUGH COOKIE®, Defendants started advertising and selling products, particularly the ONE Bar protein bar, with trademarks confusingly similar to the TOUGH COOKIE®. Specifically, the ONE BAR chocolate chip cookie dough flavor has the mark "TOUGH COOKIES ONLY" on the front side of the wrapper. The term "TOUGH COOKIES ONLY" is also used extensively and prominently in the product packaging, attached hereto as Exhibit 4, and can be seen as follows:

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402



Exhibit 4 – ONE Bar 12-count Box showing TOUGH COOKIES ONLY in the front of the box.

23.     Furthermore, the phrase "TOUGH COOKIES ONLY" is also prominently displayed on the online product page of the protein bar, and the bar is depicted like a cookie. Indeed, on its main web page, Defendants use the phrase, "20g PROTEIN. 1g SUGAR. TOUGH COOKIES ONLY," as a byline of their website description of the product. In this instance, Defendants use the term "TOUGH COOKIES ONLY" in a similar look, sound, and meaning that is used in TOUGH COOKIE®. A true and correct copy of the screenshot of the ONE Bar Chocolate Chip Cookie Dough online product page is attached hereto as Exhibit 5, and can be seen as follows:

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402



Exhibit 5 – Screenshot of ONE Bar Chocolate Chip Cookie Dough displaying "TOUGH COOKIES ONLY" as byline to their product description.

24.    Defendant ONE Brands, LLC was initially founded in 1999 by Ron McAfee, Jr. as ISS Research LLC. ISS Research LLC changed its name to ONE Brands, LLC on June 26, 2017. ONE Brands manufactures and sells protein bars under the brand ONE Bar in a variety of flavors.

25.     In or around May 2015, ONE Brands began advertising their promotional products including the chocolate chip cookie dough protein bar having the "TOUGH COOKIES ONLY" mark.

26.     It should be noted that the "TOUGH COOKIES ONLY" mark's packaging has several striking similarities to the TOUGH COOKIE® Mark:

    a.   The "TOUGH COOKIES ONLY" marking on the front face of the packaging.

    b.   The chocolate chip cookie image on the right-hand side, front face of the packaging.

    c.   The "20g" of protein labeling inside the "O" of the ONE Brands.

All in all, the "TOUGH COOKIES ONLY" mark overall commercial impression creates and/or potentially creates confusion among consumers and may lead to consumers mistakenly associating the "TOUGH COOKIES ONLY" mark with TCD, or alternatively associating TCD and TOUGH COOKIE® with Defendants Hershey's and ONE Brands. The use of the cookie image together with the quantity of protein label and "Tough Cookies Only" description makes the ONE Brands Chocolate Chip Cookie Dough Bars appear highly similar to one of TCD's FULLY FUNCTIONAL COOKIES® product, namely TOUGH COOKIE®. Indeed, taken altogether, the TOUGH COOKIE® mark and TOUGH COOKIES ONLY mark are similar on three separate levels: (1) they are similar in sight and how they are spelled, (2) they are similar in sound in that both are pronounced the same way in the English language, and (3) they are similar in meaning.

27.     Since their entry to the market, ONE Bar has engaged in extensive and large commercial and marketing efforts using the "TOUGH COOKIES ONLY" mark to promote their ONE Bar products and have them sold across multiple retail channels.

28.     In or around August 2019, Defendant Hershey's entered into an agreement to acquire ONE Brands for $397 million, or approximately $325 million net of tax

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

benefits according to the press release and SEC filings. The transaction was closed in the fourth quarter of 2019.

29.     Defendants use of the same or substantively similar mark as TCD's TOUGH COOKIE® mark to advertise and sell the same or substantially similar products produced by TCD in the same or substantially similar channels and location of commerce is without the permission, license, or authority of TCD, and such use therefore violates TCD's federal and common law rights in the TOUGH COOKIE® mark.

30.     On information and belief, Defendants began their infringement of the TOUGH COOKIE® mark with full knowledge of TCD's prior registration, and/or use of the TOUGH COOKIE® mark, or should have had full knowledge as such when the brand and intellectual property underwent the customary and routine diligence conducted by a sophisticated buyer and provided by sophisticated sellers prior to the acquisition. TCD, on information and belief, and based thereon alleges that Defendants undertook these actions with the intent of confusing consumers, so that they could trade on and receive the benefit of the goodwill built up by TCD at great labor and expense over many years.

31.     On information and belief, Defendants deliberately intended to push TCD out of the market by flooding the market with advertising and promotion, or Defendants knew or should have known of TCD's TOUGH COOKIE® mark through its use and registration, and Defendants failed to conduct a reasonably adequate trademark search.

32.     On further information and belief, it appears that Defendants intended to copy TCD, and appears to have otherwise culpably disregarded the risk of confusion when using the "TOUGH COOKIES ONLY" mark as part of their advertising and marketing of their goods and services.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**Because of the Strength of the TOUGH COOKIE Mark and the Similarity of the Marks Between TOUGH COOKIE®, Defendant's use of TOUGH COOKIES ONLY Is a Bona Fide Trademark Infringement.**

33.     The TOUGH COOKIE® mark is an inherently distinctive mark and is a protectable mark because it is a suggestive mark. Specifically, in construing the TOUGH COOKIE® mark, a consumer would know that while a literal tough cookie is undesirable if not inedible, a tough cookie is also slang for a person or thing that is strong or handy. Therefore, someone looking at the TOUGH COOKIE® mark would know that the cookie is not literally tough, but would and should appreciate that the cookie is strong in a metaphorical sense, in this case as a healthy food product fortified by protein.

34.     TCD's TOUGH COOKIE® mark and Defendants' use of the term "TOUGH COOKIES ONLY" are therefore very similar as to appearance, sound, connotation, and commercial impression. As to appearance, both marks are being presented in all-caps, bold print type in the front of their respective packaging. As to sound, both marks are pronounced the same in English, and there are no special variations in how the marks are pronounced. Both marks use the same connotation of "Tough Cookie," an informal term for a person or thing which is physically strong or fortified. Given the similarities of the appearance, sound, and connotation of both marks, the two marks have a similar overall commercial impression that would cause confusion among customers.

35.     TCD's TOUGH COOKIE® mark and Defendants' ONE Bar Protein Bar are closely related goods in their space. Specifically, the TOUGH COOKIE® mark and ONE Bar's Chocolate Chip Cookie Dough are categorized in the same USPTO International Class, which in this case is Class 030. As such, if customers consider the parties' goods or services to be related enough that they expect them to come from the same company, confusion is more likely to occur.

36.     Both TCD and Defendants are selling protein packed snacks using the similar connotation of "TOUGH COOKIE" to signify protein fortification, such that the goods are very similar in that respect.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

37.     Both TOUGH COOKIE® and ONE Bar are being sold through similar marketing channels, i.e., through online retail and wholesale, as well as physical wholesale and retail stores.

38.     The consumers for both TOUGH COOKIE® and ONE Bar are typically consumers who are seeking healthier and protein rich snack products, and given that both products are aimed at mass-market consumers, many of the consumers may not be sophisticated and will be confused between the two products.

39.     Both TOUGH COOKIE® cookies and ONE Bar protein bars are relatively inexpensive per unit (a 12-count box of TOUGH COOKIE® is listed at $33.00 at TCD's website at a cost of $2.75 per cookie snack, while a 12-count box of Chocolate Chip Cookie Dough ONE Bars is listed at around $24.99 at ONE Bar's website, at a cost of $2.08 per cookie snack), such that the likelihood of consumers being confused will be higher because these products may be purchased on impulse or without much care by the consumers.

**Defendants' Infringement Creates Confusion Between TOUGH COOKIE® and ONE Bar's Chocolate Chip Cookie Dough Protein Bar.**

40.     Defendants' use of the "TOUGH COOKIES ONLY" mark in the manner described above is likely to confuse and has actually confused customers and potential customers of the parties as to whether some affiliation, connection or association exists between Defendants on one hand and TCD and its TOUGH COOKIE® mark on the other, or as to the origin, sponsorship, or approval of the parties' goods and/or services. As is well known, it is a common practice for consumers today to use search engines like Google to evaluate products. If a consumer hears there is a protein "Tough Cookie" product on the market and wants to buy it, they will likely search Google to find it, typically employing the "Search All" function to search websites and images, and then or in the alternative, using the "Image" search function. The confusion created by Defendants' "TOUGH COOKIES ONLY" mark in this context is overwhelming. For example, the Google "Search All" top search results for the query "tough cookie protein"

top results contain the ONE Bar images alongside TCD's TOUGH COOKIE® mark and includes a hit from ONE Brands for its "Tough Cookies Only" bar. A true and correct copy of this screenshot is attached hereto as <u>Exhibit 6,</u> and can be seen below:



Exhibit 6 – Screenshot of Google search result for the search term "protein tough cookie," showing image results of the ONE Bar among TOUGH COOKIE®'s search result.

The "Image" google search, which most consumers will do if they want to quickly see a visual image of the product they want, is even more confusing and saturated by

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

1   Defendants' "TOUGH COOKIES ONLY" mark. A true and correct copy of the

2   screenshot of the search result is attached hereto as <u>Exhibit 7,</u> and can be seen as follows:



Exhibit 7 – Screenshot of Google image search result for the search term "protein tough cookie," showing numerous results for ONE Bar's chocolate chip cookie dough product and suppressing TOUGH COOKIE® as a result.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

As seen above, Defendant's "TOUGH COOKIES ONLY" mark outnumbers TCD's mark by a ratio of at least 4 to 1, with 14 ONE Bar images to 3 TOUGH COOKIE® images in the first page of the image search results.

41.     On information and belief, it appears that Defendants implemented a Search Engine Optimization ("SEO") strategy that utilizes and infringes on TCD's TOUGH COOKIE® mark, which creates confusion in the search results. Specifically, evidence suggests that Defendants deliberately used the term "TOUGH COOKIES ONLY" in their alt tags for the images on their website.[2]  Specifically, upon inspecting the HTML source code of the web page, evidence suggests that Defendants have deliberately included the term "TOUGH COOKIES ONLY" within the alt text description in each of the images listed on their website, and the term "TOUGH COOKIES ONLY" appears multiple times within the source code that is not visible to human eyes but fully readable and processed by search algorithms. A true and correct copy of the HTML code output of ONE Bar's Chocolate Chip Cookie Dough website is attached hereto as Exhibit 8. The creation of alt-text description is manual and deliberate in nature[3], and therefore on information and belief, this evidence strongly suggests that Defendants may have deliberately used the infringing term "TOUGH COOKIES ONLY" in order to manipulate both Google search and Google image search results to suppress TCD's TOUGH COOKIE® results while promoting their own products at TCD's expense.

---

[2] Alt Text is the written copy that appears in place of an image on a webpage if the image fails to load on a user's screen. This text is used by screen-reading tools to describe images to visually impaired readers, but more importantly, it is used extensively by search engines like Google to better crawl and rank a website.

[3] As of this Complaint, search engines like Google do not have an inherent ability to recognize an image because computers are not able to identify images on their own without human input. As such, search engine algorithms heavily rely on the contents of the alt text description to crawl and rank an image in its search results. Google and other SEO websites have published extensive best practices to create alt-text descriptions that can be used to cache and index search engines. With that said, it should be noted that all alt-text descriptions are generated by a person, and therefore it is *prima facie*, inherently deliberate by nature.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

42.     Defendants are creating an initial interest confusion among the minds of consumers in the sense that, by using the Google search and Google image search results to divert people looking for TOUGH COOKIE® to their website or online product page, Defendants improperly benefit from the goodwill that TCD developed in its TOUGH COOKIE® mark.

43.     Furthermore, Defendants use the "TOUGH COOKIES ONLY" mark in a way that saturates the market. The sheer volume of sales associated with Hershey's and ONE Brands is such that consumers who see TOUGH COOKIE® may mistakenly believe that TCD is the junior user and is the entity trying to knock off or infringe Hershey's and/or ONE Brands as a result.

44.     Defendants' use of the "TOUGH COOKIES ONLY" mark in the manner described above falsely indicates to the purchasing public that the goods and/or services of Defendants originate with TCD, or are affiliated, connected, or associated with TCD, or are sponsored, endorsed, or approved by TCD, or are in some manner related to TCD.

45.     Specifically, Defendants' use of the "TOUGH COOKIES ONLY" mark in the manner described above enables Defendants to trade on and receive benefit of goodwill in the TOUGH COOKIE® mark, which TCD has built up at great labor and expense over many years. Indeed, given Defendant Hershey's history of acquiring other food manufacturers (including but not limited to Mauna Loa Macadamia Nut Corp in 2004; Krave Jerky in 2005; Joseph Schhmidt Confections in 2005; Brookside Foods Ltd. in 2011; BarkTHINS in 2016; Amplify Snack Brands (makers of SkinnyPOP) in 2017), it is likely that consumers may mistakenly associate and/or assume TCD to be yet another acquisition by Hershey's, when that is in fact not the case.

46.     Defendants' use of the "TOUGH COOKIES ONLY" mark in the manner described above unjustly enriches Defendants at TCD's expense.

47.     Defendants' use of the "TOUGH COOKIES ONLY" mark in the manner described above prevents TCD from controlling the nature and quality of goods and

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

services provided under the TOUGH COOKIE® mark and places the valuable reputation and goodwill of TCD in Defendants' hands, over whom TCD has no control.

48.     The activities of Defendants have caused irreparable injury to TCD and to the public, and unless restrained by the Court, will continue to cause irreparable injury to TCD and the public. There is no adequate remedy at law for this injury.

<u>**FIRST CAUSE OF ACTION**</u>
**Federal Trademark Infringement under Sections 32, 34, and 35 of the Lanham Act**
**(§§ 1114(1)(a), (1)(b), and 1117(a))**

49.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

50.     Defendants have used and/or is continuing to use the "TOUGH COOKIES ONLY" mark in connection with advertisement, promotion, and/or sale of the Infringing Product without authorization or license to do so.

51.     The acts of Defendants alleged herein constitute infringement of a federally registered trademark TOUGH COOKIE® mark in violation of 15 U.S.C. § 1114. Specifically, Defendants infringement of the TOUGH COOKIE® mark through the packaging and advertising of the Infringing Product in the matter set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the TOUGH COOKIE® mark and TCD, or has the sponsorship or approval of TCD.

52.     The acts of Defendants alleged herein were conducted willfully and in bad faith, and is thus an exceptional case within 15 U.S.C. § 1117.

53.     The foregoing acts of Defendants constitute willful and deliberate infringement of TCD's federal trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

54.     TCD has a substantial likelihood of success stemming from a demonstrably clear legal right and Defendants' acts have caused and will continue to cause irreparable injury to TCD for which TCD has no adequate remedy at law.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

55.     Pursuant to 15 U.S.C. § 1116(a) TCD is entitled to preliminary injunction and permanent injunctive relief to prevent Defendants' continued use of the "TOUGH COOKIES ONLY" in commerce.

56.     Pursuant to 15 U.S.C. § 1117(a), TCD is entitled to damages, an accounting of profits made by Defendants' use, and recovery of TCD's costs of this action.

57.     The intentional use of the "TOUGH COOKIES ONLY" mark makes this an exceptional case entitling TCD to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

58.     TCD is also entitled to prejudgment interest on its recovery.

## SECOND CAUSE OF ACTION
### Unfair Competition under Section 43(a) of the Lanham Act
### (15 U.S.C. 1125(a))

59.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

60.     Defendants' infringement of the TOUGH COOKIE® mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the TOUGH COOKIE® mark and/or has the sponsorship or approval of TCD.

61.     Defendants have willfully sought to trade on the reputation of TOUGH COOKIE® mark and TCD and cause dilution of the TOUGH COOKIE® mark.

62.     The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     TCD has a substantial likelihood of success stemming from a demonstrably clear right, and Defendants' acts have caused and will continue to cause irreparable injury to TCD for which TCD has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *Et Seq*.)**

64.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

65.    The TOUGH COOKIE® mark indicates to the consuming public that there is a single and well-known source of the TOUGH COOKIE® products.

66.    Defendants' infringement of the TOUGH COOKIE® mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the TOUGH COOKIE® mark and TCD or have the sponsorship or approval of TCD.

67.    The foregoing acts of Defendants harm consumers by confusing, deceiving, and misleading them to believe that Defendants' products originate from, are affiliated with, and/or endorsed by Plaintiff.

68.    The foregoing acts of Defendants provides an unfair competitive advantage to Defendants as the association in consumers' minds that Defendants' products are associated with the TOUGH COOKIE® mark rides on the coattails of the goodwill created and vested in the TOUGH COOKIE® mark by Plaintiff.

69.    The foregoing acts of Defendants constitute unlawful, unfair, deceptive, or fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

70.    TCD has a substantial likelihood of success stemming from a demonstrably clear right, and Defendants' acts have caused and will continue to cause irreparable injury to TCD for which TCD has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    Entry of a judgment that Defendants have infringed the TOUGH COOKIE® mark in violation of TCD's rights under 15 U.S.C. § 1114 and under common law;

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

2.      Entry of a judgment that Defendants have competed unfairly with TCD in violation of TCD's rights under 15 U.S.C. § 1125(a) and the common law;

3.      Entry of a judgment that Defendants have violated Cal. Bus. & Prof. Code §§ 17200 et seq.;

4.      Entry of an order directing Defendants to provide to TCD for destruction of any and all unlawful products or materials, and to compensate TCD for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

5.      Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, statutory damages and/or all amounts necessary to compensate TCD for Defendants' wrongful use of the TOUGH COOKIE® mark, including reasonable attorneys' fees and costs;

6.      Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with respect to the TOUGH COOKIE® mark, said award to equal at least treble Defendants' actual damages under 15 U.S.C. § 1117; and

7.      Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TCD respectfully demands trial by jury on all issues raised by this Complaint.

Respectfully Submitted,

DATED: December 21, 2020          SANJIV N. SINGH, A PROFESSIONAL LAW
                                                      CORPORATION


                                                      /s/ Sanjiv N. Singh
                                                      _____
                                                      Sanjiv N. Singh, Esq.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP,
A PROFESSIONAL LAW CORPORATION


/s/ Michael B. Indrajana
Michael B. Indrajana, Esq.
Attorneys for The Cookie Department, Inc.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402