RILEY SAFER HOLMES & CANCILA LLP
Keyonn L. Pope (*pro hac vice*)
kpope@rshc-law.com
Monique B. Howery (*pro hac vice*)
mhowery@rshc-law.com
70 West Madison St., Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

RILEY SAFER HOLMES & CANCILA LLP
Stephen M. Hankins (SBN 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

Attorneys for Defendants The Hershey Company and ONE Brands, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **THE COOKIE DEPARTMENT, INC.**, a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **THE HERSHEY COMPANY**, a Delaware Corporation; **ONE BRANDS, LLC**, a Foreign Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE, <br><br> Defendants. | Case No.: 4:20-cv-09324-KAW <br><br> **DEFENDANTS' MOTION TO STRIKE JURY DEMAND** <br><br> Hearing: October 20, 2022 <br> Time: 1:30pm <br> Judge: Hon. Kandis A. Westmore |

## NOTICE OF MOTION

**Please Take Notice** that on October 20, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Hon. Kandis A. Westmore of the U.S. District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants The Hershey Company ("Hershey") and One Brands, LLC ("One Brands," collectively "Defendants") will move to strike Plaintiff's jury demand.

Defendants bring this motion under Federal Rule of Civil Procedure 39(a)(2), and base it on the pleadings, this Notice, the following Memorandum and supporting declaration of Keyonn L. Pope, the proposed order, and upon such further oral and written argument as may be presented.

## RELIEF REQUESTED

Defendants move pursuant to Fed. R. Civ. P. 39(a)(2) and respectfully request that the Court strike Plaintiff's jury demand and set this case for a bench trial beginning November 7, 2022.

## INTRODUCTION

On September 9, 2022, the Court granted Defendants' motion for summary judgment barring Plaintiff from seeking royalty damages. Dkt. 111. Because the remainder of the Plaintiff's damages theories sound in equity, Defendants now move to strike Plaintiff's demand for a jury trial pursuant to Fed. R. Civ. P. 39(a)(2). The grounds for this motion are set forth more fully below.

## ARGUMENT

To determine whether a party is entitled to a jury trial the court must engage in a two-step analysis. First, it must determine whether the statutory authority underlying plaintiff's claims authorizes a jury trial. *Van Asdale v. Int'l Game Tech*., 2010 WL 1490349, *4 (D. Nev. 2010), aff'd sub nom. *Asdale v. Int'l Game Tech*., 549 F. App'x 611 (9th Cir. 2013); *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999). If the authority authorizes a jury trial, the court's inquiry ends. Fed. R. Civ. P. 38(a). Where the statute does not guarantee a jury trial, however, the court must assess whether the matter qualifies as a *suit in common* or a "statutory claim[] that [is]

legal … as opposed to equitable in nature" pursuant to the Seventh Amendment. *See id*; *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015).

Because the statute underlying Plaintiff's claims here (the Lanham Act) does not entitle it to a jury trial and the only forms of relief remaining are equitable in nature, this Court must grant Defendants' motion to strike Plaintiff's jury demand.

**A.    The Lanham Act Does Not Create the Right to a Jury Trial.**

Plaintiff pursues three causes of action: (1) federal trademark infringement pursuant to Sections 32, 34, and 35 of the Lanham Act; (2) unfair competition pursuant to Section 43(a) of the Lanham Act; and (3) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*. *See* Dkt. 1, Plaintiff's Complaint for Damages. The language of the Lanham Act does not provide the right to a jury trial. 15 U.S.C. §§ 1051 *et seq*.; *accord Visible Systems Corp. v. Unisys Corp.*, 551 F.3d 65, 77 (1st Cir. 2008) ("the Lanham Act itself does not create a right to a jury trial"); *Ideal World Mrkt., Inc. v. Duracell, Inc.*, 997 F. Supp. 334, 336 (E.D.N.Y. 1998) (same); *Oxford Indus., Inc. v. Hartmarx Corp.*, 1990 WL 65792, *4 (N.D. Ill. 1990) (same).  Like the Lanham Act, California unfair competition claims do not entitle a plaintiff to a jury trial. *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 9 Cal. 5th 279 (2020)("…[I]t is clear that the Legislature intended that a cause of action under the UCL […] is to be tried by the court rather than by a jury.); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *11 (N.D. Cal. Aug. 9, 2021)(a plaintiff may not recover damages for a UCL action); s*ee also Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980)(state laws regarding trademarks and related claims of unfair competition are substantially congruent).

Because the statutory authority underlying Plaintiff's claims does not entitle Plaintiff to a jury trial, the Court must proceed to its second step and assess the scope of the jury trial right contained in

the Seventh Amendment. *Fifty-Six Hope Rd. Music, Ltd.*, 778 F.3d at 1075; *Ideal World*, 997 F. Supp. at 336; *see also Visible Systems*, 551 F.3d at 77.

B.   **The Seventh Amendment Does Not Provide for the Right to a Jury When a Lanham Act Plaintiff is Only Seeking Equitable Relief.**

Because the remedies that remain at issue here are equitable, as opposed to legal, Plaintiff is not entitled to a jury trial. The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const., Amendment VII. "Suits at common law," in this context, "refers to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quote omitted; emphasis in original); *see also Markman v. Westview Instr., Inc.*, 517 U.S. 370, 375–76 (1996). In other words, the right to a jury trial is not preserved for issues that sound in equity. *See id*. To determine whether a particular action resolves legal rights, a court considers: (1) the nature of the issues involved; and (2) whether the remedy sought is legal or equitable in nature. *Terry*, 494 U.S. at 565; *see also Tull v. United States*, 481 U.S. 412, 417-18 (1987). The "remedy" inquiry is the more important of the two. *Terry*, 494 U.S. at 565. The Ninth Circuit reminds courts that, when applying this framework, they are to "keep in mind that the narrow Seventh Amendment right 'preserve[s] the basic institution of jury trial in only its most fundamental elements,'" and that "[o]nly those incidents which are regarded as fundamental, as inherent in and of the essence of the system of trial by jury, are placed beyond the reach of the legislature." *Fifty-Six Hope Rd.*, 778 F.3d at 1075 (quoting *Tull*, 481 U.S. at 426).

Plaintiff here looks to recover: (1) all profits earned by Defendants from their alleged unlawful actions; (2) all damages sustained by TCD as a result of Defendants' alleged unlawful actions; (3) all damages to TCD's trademark caused by Defendants' alleged unlawful actions; (4) the cost of corrective advertising, or other actions taken to monitor, address and repair the purported damage to TCD's trademark resulting from Defendants' alleged unlawful actions; (5) a reasonable royalty for the unlawful use of TCD's trademark; and (6) all costs, including attorneys' fees, incurred by TCD to stop Defendants' alleged unlawful actions. *See* Pope Decl., Ex. A, Plaintiff's April 29, 2022, Amended

Supplemental Rule 26(a)(1) Initial Disclosures, at 7. Each potential remedy remaining is equitable in nature.

First, Plaintiff seeks disgorgement of Defendants' profits. Disgorgement of profits, however, is an equitable remedy. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 Fed. Appx. 110, 112 (9th Cir. 2020) (because a claim for disgorgement of profits under § 1117(a) is equitable, not legal, it does not invoke the right to a jury trial); *Fifty-Six Hope Rd.*, 778 F.3d at 1075 (same); *see also Ketab Corp. v. Mesriani Law Grp.*, 2016 WL 5921767, *3 (C.D. Cal. 2016) ("No right to a jury exists for equitable claims").

Second, Plaintiff purportedly seeks to recover all damages sustained by TCD and TCD's trademark as a result of Defendants' alleged unlawful actions. As an initial matter, this category of damages falls squarely within the scope of the Lanham Act, and therefore cannot support a jury demand. 15 U.S.C.A. § 1117 (a Lanham Act violation entitles a plaintiff to recover "any damages sustained by the plaintiff"). Additionally, given the ambiguous nature of these requests, Defendants are unclear of exactly what Plaintiff purports to seek.  Defendants are unaware of Plaintiff providing any additional detail concerning these purported categories of damages sought.  Defendants further note that Plaintiff's damages expert, Jeff Anderson, was retained to assess and opine on TCD's alleged damages in connection with: (a) unjust enrichment, as measured by Defendants' gross profits resulting from alleged use of Tough Cookie; and (b) potential royalty income Defendants would have paid to use Tough Cookie. *See* Pope Decl., Ex. D, Expert Report of Jeff Anderson, at 2.  Moreover, Mr. Anderson's expert report and deposition testimony are devoid of any analysis or mention of this purported category of damages.  *Id.* Similarly, Plaintiff's other designated experts, Rhonda Harper and Amanda Schlumpf, are also silent regarding this purported category of damages. *See* Pope Decl. in Support of Daubert Motions (concurrently filed), Ex. A, Expert Report of Rhonda Harper at ¶ 23 (Ms. Harper was retained to opine on alleged likelihood of confusion, as well as the normal protocol for trademark and copy review and compliance when they are considering new or rebranded logos and copy.); Ex. C, Expert Report of Amanda Schlumpf at ¶ 3.1 (Ms. Schlumpf was retained to assist with digital analysis of Defendants' usage of Tough Cookies and how said usage may purportedly cause consumer confusion.). Indeed, TCD's lay witnesses were also silent regarding this purported category

of damages. *See* Pope Decl., Ex. B, Akiva Resnikoff Deposition Tr.; and Ex. C, Andrea Kirschner Deposition Tr. Defendants are unaware of anything in the record addressing this alleged category of damages and therefore the court should deem it waived. *See, e.g., Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 557 (N.D. Cal. 2009) (precluding Plaintiff from pursuing damages theories at trial that were merely mentioned at the outset of litigation, but were not pursued thereafter). To the extent Plaintiff was in possession of information that might bolster its prior damages theories, it was required to supplement its disclosures before the cut-off of discovery. Fed. R. Civ. P. 26(e)(1)(A). Pursuant to Fed. R. Civ. P. 37(c)(1), a party that fails to properly supplement its disclosures is prohibited from introducing such belated information in a motion, at a hearing, or at trial.

Third, Plaintiff looks to recover the cost of corrective advertising or other actions taken to monitor, address, and repair the alleged damage to TCD's trademark. Such a request is equitable in nature. *See, e.g., Mullins v. Premier Nutrition Corp.,* No. 13-CV-01271-RS, 2018 WL 510139, at *1 (N.D. Cal. Jan. 23, 2018)(categorizing a corrective advertising campaign as a form of equitable relief); *Brooks v. It Works Mktg., Inc.*, No. 121CV01341DADBAK, 2022 WL 2217253, at *2 (E.D. Cal. June 21, 2022)(same); *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021)(same). As discussed above, equitable claims do not entitle a party to a jury trial. Moreover, as discussed above in connection with alleged damages sustained by TCD and TCD's trademarks, the record is devoid of any mention of support of this theory, including by TCD's expert and lay witnesses. As such, the court should deem this category of damages waived. *See, Oracle USA, Inc.*, 264 F.R.D. at 557.

Fourth, Plaintiff sought reasonable royalty damages for the alleged use of its trademark. This Court granted Defendants' motion for summary judgment as it relates to this claim. Plaintiff, therefore, cannot be entitled to a jury trial on this basis.

Finally, Plaintiff seeks costs including attorneys' fees to stop the alleged unlawful actions. A claim for fees does not entitle a plaintiff to a jury trial. *Starbucks Corp. v. Lundberg*, 2005 WL 6036699, *5 (D. Or. 2005) (a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a jury trial). Plaintiff's remaining claims, therefore, do not give rise to the right to a jury trial under the Seventh Amendment leaving its request for a jury trial unsupported.

## **CONCLUSION**

Because Plaintiff may only seek equitable relief, it does not have a right to a jury trial on its Lanham Act or common law claims. For the reasons set forth above, and to promote judicial efficiency and reduce party costs, Defendants move to strike Plaintiff's jury demand and ask the Court to set this case for a bench trial.

Dated: September 15, 2022   RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Keyonn L. Pope*
Keyonn L. Pope (*admitted pro hac vice*)
Monique B. Howery (*admitted pro hac vice*)
Stephen M. Hankins (SBN 154886)
Attorneys for Defendants THE HERSHEY COMPANY and ONE BRANDS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the above document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

Dated: September 15, 2022

                                   */s/ Keyonn L. Pope*
                                    Keyonn L. Pope

4867-7926-1746, v. 4