RILEY SAFER HOLMES & CANCILA LLP
Keyonn L. Pope (*pro hac vice*)
kpope@rshc-law.com
Monique B. Howery (*pro hac vice*)
mhowery@rshc-law.com
70 West Madison St., Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

RILEY SAFER HOLMES & CANCILA LLP
Stephen M. Hankins (SBN 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

Attorneys for Defendants The Hershey Company
and ONE Brands, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **THE COOKIE DEPARTMENT, INC.**, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**THE HERSHEY COMPANY**, a Delaware Corporation; **ONE BRANDS, LLC**, a Foreign Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE,<br><br>Defendants. | Case No.: 4:20-cv-09324-KAW<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO RENEW PARTIAL SUMMARY JUDGMENT MOTION AND/OR SECOND PARTIAL SUMMARY JUDGMENT MOTION**<br><br>Trial: November 7, 2022<br>Judge: Hon. Kandis A. Westmore |

**NOTICE OF MOTION**

**Please Take Notice** that in accordance with the Case Management and Pretrial Order for Jury Trial entered in this matter (Dkt. 28), and Northern District of California Local Rule 7-11, Defendants The Hershey Company ("Hershey") and One Brands, LLC ("One Brands," collectively "Defendants") hereby seek leave to file a motion for reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment ("MSJ Order") (Dkt. 111) or, in the alternative, a motion to renew its Partial Summary Judgment Motion (Dkt. 90) and/or a second motion for partial summary judgment. On September 9, 2022, the Court issued its MSJ Order. Dkt. 111. In the MSJ Order, the Court granted Defendants leave to amend their affirmative defense regarding invalidity to permit the Defendants to maintain the cancellation/invalidity defense. *Id*. at 13. Defendants have now done so, *see* Dkt. 136 at Affirmative Defense No. 4, and hereby request leave from the Court to either file a motion for the Court to reconsider its MSJ Order with respect to the invalidity issue,[1] or alternatively, renew their partial summary judgment motion on that issue and/or file a second motion for partial summary judgment on that issue[2].

**INTRODUCTION**

On July 21, 2022, after the close of fact discovery, Defendants moved for partial summary judgment, *inter alia*, on its fourth pleaded affirmative defense—invalidity. Defendants moved on the grounds that TCD had fraudulently obtained its registered trademark, TOUGH COOKIE, when it knowingly and intentionally misrepresented to the USPTO the category of goods applicable to its products and falsely represented that it was unaware of the existence of a senior user's superior rights to the mark, TOUGH COOKIE. *See* Dkt. 90 at 10-16. In its MSJ Order, the Court denied Defendants' Motion on the invalidity defense, but granted "Defendants leave to amend their affirmative defense regarding invalidity." Dkt. 111 at 13. In so doing, the Court observed that permitting Defendants to

---

[1] Defendants' reference to the invalidity issue here relates to Defendants' fourth affirmative defense (as amended) and their petition to cancel Plaintiff's trademark due to knowing and intentional fraudulent misrepresentations in Plaintiff's 2018 trademark application.

[2] The record is complete, the invalidity issue is fully briefed, and the Court may enter judgment without further argument from either party.

- 1 -

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO RENEW PARTIAL SUMMARY JUDGMENT MOTION AND/OR SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

replead its affirmative defense with more specificity would not prejudice TCD, "particularly when Plaintiff did not move for dismissal or summary judgment of the affirmative defense" and further found no undue delay in granting leave. *Id*. at 8-9. Defendants repleaded their affirmative defense on invalidity on September 29, 2022, Dkt. No. 136.

## ARGUMENT

### I. Reconsideration Under Federal Rule of Civil Procedure 54(b) is Appropriate to Prevent Manifest Injustice in This Case.

The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b). An order that resolves fewer than all of the claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of the parties." Fed. R. Civ. P. 54(b). *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *see also In Defense of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) ("determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances"). Where reconsideration is sought, the Court has "inherent jurisdiction to modify, alter or revoke" a non-final order. *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *La Clinica De La Raza v. Trump*, Case No. 19-cv-04980-PJH, 2020 WL 7053313, at *1 (N.D. Cal. Nov. 25, 2020) (citing *Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 3.d 1255, 1263 (9th Cir. 1993)). "A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) (granting reconsideration after amendment of complaint); *see also McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 n. 6 (5th Cir. 1993) (holding trial court is free to reconsider and reverse its denial of a motion for summary judgment for any reason it deems sufficient).

Defendants do not seek to introduce new facts, new evidence, or to assert new arguments. Rather, Defendants seek leave to file a reconsideration motion to prevent manifest injustice. In the MSJ Order, this Court ruled:

(1) "there appears to be sufficient evidence to support cancellation based on fraud as to Plaintiff's representation that the TOUGH COOKIE mark had been used on crackers, almond cookies, chocolate covered cookies, and vegan cookies since February 2012" (Dkt. 111 at 7); and

(2) "By claiming that it was using its mark on goods when it was not in order 'to seek the broadest possible protection for [its] trademark registrations,' Plaintiff effectively **admits** that it did intend to deceive the USPTO into giving it a registration on goods that Plaintiff had not previously used the mark." *Id.* at 8 (emphasis in original).

Because of those findings, the Court granted Defendants an opportunity to amend their answer. *Id.* at 7 ("Leave is especially warranted because there appears to be sufficient evidence to support cancellation based on fraud[.]") Based on the undisputed facts and evidence – including Plaintiff's declaration under penalty of perjury admitting its intent to deceive the USPTO – it would be unjust to require that Defendants defend against a Lanham Act claim based on a fraudulently procured trademark. Moreover, the amended answer is a material fact development that occurred after entry of the MSJ Order which satisfies the requirements of Civil L.R. 7-9(b)(2).

Considering the Court's MSJ Order, which acknowledged TCD's knowing, deliberate, and fraudulent acts, the parties are faced with the unusual circumstance where a particular dispositive issue (invalidity of Plaintiff's trademark) is ripe for the Court's summary adjudication. Now that the Court has (i) recognized that Plaintiff admitted that it intended to deceive the USPTO; and (ii) granted Defendants leave to amend its Fourth Affirmative Defense – Invalidity – to more particularly plead undisputed facts consistent with Rules 8 and 9 (which Defendants have done), justice requires that the Court reconsider its MSJ Order on the invalidity issue.

**II.   Alternatively, Renewing Defendants' Partial Summary Judgment Motion or Allowing a Successive Partial Summary Judgment Motion Limits the Issues for Trial and Promotes Judicial Economy.**

Under the Case Management and Pretrial Order for Jury Trial, "[o]nly one summary judgment motion may be filed by each side, absent leave of the court," which "may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference." Dkt. 28 at 1-2. "The Ninth Circuit has held that 'district courts have discretion to entertain successive motions for summary judgment.'" *Miller v. California Dep't of Corr. & Rehab.*, No. 16-CV-02431-EMC, 2019 WL 3753175, at *1 (N.D. Cal. Aug. 8, 2019) (citing *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)). Moreover, "the denial of summary judgment 'does not preclude a contrary later grant of summary judgment.'" *Means v. City & Cnty. of San Francisco*, No. CV 09-0941 TEH, 2011 WL 2565484, at *2 (N.D. Cal. June 29, 2011) ("allowing a party to file a second motion for summary judgment encourages the 'just, speedy, and inexpensive' resolution of suits.") (internal citations omitted).

Here, leave to renew Defendants' initial motion for partial summary judgment, or in the alternative, to file a second motion for partial summary judgment is warranted, for the following reasons:

***First***, there is good cause to permit Defendants to raise their cancellation defense in a renewed motion for partial summary judgment. "There appear[s] to be at least some potentially meritorious arguments for relief in Defendants' successive motions for summary judgment." *Miller*, 2019 WL 3753175, at *1. As the Court already found, "there appears to be sufficient evidence to support cancellation based on fraud as to Plaintiff's representation that the TOUGH COOKIE mark had been used on crackers, almond cookies, chocolate covered cookies, and vegan cookies since February 2012." Dkt. 111 at 7.

***Second***, there is no prejudice to Plaintiff in permitting a renewed motion for partial summary judgment. Defendants seek only to renew their arguments regarding the cancellation of TCD's mark based on TCD's material misrepresentations to the USPTO that Defendants raised—and Plaintiff responded to—in Defendants' initial motion. *See Peasley v. Spearman*, No. 15-CV-01769-LHK, 2018 WL 4468823, at *8 (N.D. Cal. Sept. 18, 2018), *aff'd in part, rev'd in part (on other grounds)*, No. 18-56648, 2022 WL 2301992 (9th Cir. June 27, 2022) (granting leave to file a second summary judgment

motion where the "proposed second summary judgment motion relies on the same evidence and same legal arguments as the other defendants' summary judgment motion," which "will not prejudice plaintiff, who responded to [defendant]'s proposed arguments in his brief opposing the other defendants' motion."). Also, as the Court noted, Plaintiff here did not move for summary judgment on Defendants' invalidity defense, and there is no need for additional discovery on invalidity, "as the evidence of Plaintiff's use (or non-use) of the TOUGH COOKIE mark on items such as crackers, chocolate covered cookies, and vegan cookies were either submitted as part of the summary judgment motion or in the public record." *Id*. at 8-9.

***Third***, deciding the question of Defendants' invalidity defense on summary judgment will serve to narrow the issues for trial, save the parties' resources, and promote judicial economy. "Substantial judicial resources and juror time are expended whenever a trial is held; it is not sensible to expend these when it may not be necessary to do so." *Miller*, 2019 WL 3753175, at *1. Permitting (and granting) Defendants' renewed motion on invalidity would greatly aid the parties and the Court by circumscribing the evidence at trial relevant to this defense, as well as for Plaintiff's Lanham Act claims. Such a ruling also would enable the parties to determine precisely what additional work, if any, is required from their respective damages' experts and could also have the effect of facilitating further settlement discussions by enabling the parties to better evaluate the risks and rewards of continued litigation leading up to trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant it leave to renew its arguments for the cancellation of Plaintiff's TOUGH COOKIE mark on the basis of its amended affirmative defense and grant any further relief as this Court deems appropriate.

Dated: September 29, 2022    RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Keyonn L. Pope*
Keyonn L. Pope (*admitted pro hac vice*)
Monique B. Howery (*admitted pro hac vice*)
Stephen M. Hankins (SBN 154886)
Attorneys for Defendants THE HERSHEY

- 5 -

- 6 -

COMPANY and ONE BRANDS, LLC


## CERTIFICATE OF SERVICE

I hereby certify that I caused the above document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

Dated: September 29, 2022

           */s/ Keyonn L. Pope*
           Keyonn L. Pope

4872-8409-3748, v. 5