UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COOKIE DEPARTMENT, INC., <br> Plaintiff, <br> v. <br> THE HERSHEY COMPANY, et al., <br> Defendants. | Case No. 20-cv-09324-KAW <br><br> **ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION OR TO RENEW PARTIAL SUMMARY JUDGMENT MOTION** <br><br> Re: Dkt. No. 137 |

On September 29, 2022, Defendants filed an administrative motion for reconsideration of the Court's summary judgment order or, in the alternative, leave to renew their motion for summary judgment or file a second motion for summary judgment. (Dkt. No. 137.) On October 2, 2022, Plaintiff filed an opposition. (Dkt. No. 143.)

The Court finds that leave to file a second motion for summary judgment on the narrow issue of the invalidity of Plaintiff's trademark application is warranted.[1] While Plaintiff argues that a second motion for summary judgment is not warranted because there is no expanded factual record, an expanded factual record is not the only grounds for a second motion for summary judgment. (Dkt. No. 143 at 4.) Rather, in *Hoffman v. Tonnemacher*, the Ninth Circuit explained that Rule 56 "does not limit the number of motions that may be filed," and that "the possibility of summary judgment remains on the table even after a district court has denied a summary judgment motion because that order is subject to reconsideration by the court at any time." 593 F.3d 908,

---

[1] To the extent Plaintiff complains that Defendants' motion is improper because it is an administrative motion, the Court's Case Management and Pretrial Order for Jury Trial states that leave to file more than one summary judgment motion "may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11 . . . ." (Dkt. No. 28 at 1-2.) As the Court does not grant Defendants' motion for reconsideration or to renew their motion for summary judgment, the Court does not address whether these aspects of the motion were procedurally proper.

911 (9th Cir. 2010). While the Ninth Circuit noted that successive motions for summary judgment are "particularly appropriate on an expanded factual record," it did not state that an expanded factual record was required. *Id.* Rather, it acknowledged that a second motion for summary judgment may be permissible when "it fosters the 'just, speedy, and inexpensive' resolution of suits." *Id.* (quoting Fed. R. Civ. P. 1.). Here, the Court noted that there appeared to be sufficient evidence to support cancellation based on fraud, but did not grant Defendants' motion for summary judgment due to a pleading issue that was only raised by Plaintiff at the hearing on Defendants' motion for summary judgment. (Dkt. No. 111 at 7.) Thus, it would appear appropriate to allow a second motion for summary judgment now that Defendants have amended their affirmative defense. Moreover, a second motion for summary judgment will permit Plaintiff to provide additional evidence, including the exhibits that the Court previously struck as improper. (*See* Dkt. Nos. 105, 106.)

Accordingly, the Court GRANTS Defendants leave to file a motion for summary judgment on the narrow issue of fraud based on Plaintiff claiming uses of the TOUGH COOKIE mark that it was not used for. Defendants shall file their motion for summary judgment by **Friday**, **October 7, 2022**; the motion shall be no more than fifteen pages. Chambers copies must be received by Tuesday, October 11, 2022, and must be **tabbed** and provided in **binder(s)**. Plaintiff shall file its opposition by **Friday, October 14, 2022**; the opposition shall be no more than fifteen pages. Chambers copies must be received by Tuesday, October 18, 2022, and must be **tabbed** and provided in **binder(s)**. No reply is permitted. The motion for summary judgment will be heard at the October 26, 2022 pretrial conference. The parties are *highly* encouraged to be judicious regarding which exhibits they believe are necessary for adjudicating the motion.

IT IS SO ORDERED.

Dated: October 4, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge