RILEY SAFER HOLMES & CANCILA LLP
Keyonn L. Pope (*pro hac vice*)
kpope@rshc-law.com
Monique B. Howery (*pro hac vice*)
mhowery@rshc-law.com
70 West Madison St., Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

RILEY SAFER HOLMES & CANCILA LLP
Stephen Hankins (SBN 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551
Attorneys for Defendants The Hershey
Company and ONE Brands, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

| | |
|---|---|
| **THE COOKIE DEPARTMENT, INC.**, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**THE HERSHEY COMPANY,** a Delaware Corporation; **ONE BRANDS, LLC**, a Foreign Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE.<br><br>Defendants. | Case No.: 4:20-cv-09324-KAW<br><br>**DEFENDANTS' [PROPOSED] VERDICT FORM**<br><br>Judge: Hon. Kandis A. Westmore<br>Trial Date: November 7, 2022 |

- 2 –

Pursuant to the Court's Pretrial Order (Dkt. 28), Defendants The Hershey Company ("Hershey") and ONE Brands, LLC ("ONE Brands") submit the attached proposed Verdict Form.

The Parties met and conferred in good faith, as required by the Pretrial Order, but were unable to reach agreement on jointly submitting the proposed verdict form. The Parties agree to continue to meet and confer in good faith, in an effort to narrow the number of disputed jury instructions in advance of the October 14 deadline for objections.

Defendants hereby reserve the right to update or revise this proposed verdict form, including based on further rulings of the Court, the presentation of evidence at trial, or other developments in the case.

Respectfully Submitted by,

Dated: October 4, 2022   RILEY SAFER HOLMES & CANCILLA LLP

/s/ Keyonn Pope
Keyonn Pope (*admitted pro hac vice*)
Monique Howery (*admitted pro hac vice*)
Stephen Hankins
Attorneys for DEFENDANTS THE HERSHEY COMPANY and ONE BRANDS, LLC

# JOINT VERDICT FORM

We the jury, being first duly empaneled and sworn to the above-entitled case, do find as follows:

1. Has TCD proved by a preponderance of the evidence that TOUGH COOKIE is a valid, protectable trademark that is used in commerce, indicates the source of TCD's goods, and distinguishes those goods from the goods of others?

Yes: _____

No: _____

**If you answered "Yes" to question 1 above, please continue to the questions below. If you answered "No" to question 1, your verdict is complete, answer no further questions.**

2. Has TCD proved by a preponderance of the evidence that TCD owns the TOUGH COOKIE trademark because it was the first to use it in the marketplace or because it used it before ONE Brands and Hershey?

Yes: _____

No: _____

**If you answered "Yes" to question 2 above, please continue to the questions below. If you answered "No" to question 2, your verdict is complete, answer no further questions.**

3. Has TCD proved by a preponderance of the evidence that its TOUGH COOKIE trademark is inherently distinctive?

Yes: _____

No: _____

**If you answered "Yes" to question 3 above, please continue to question 5. If you answered "No" to question 3, please continue to question 4.**

4. Has TCD proved by a preponderance of the evidence that its TOUGH COOKIE trademark is descriptive but has acquired a secondary meaning?

Yes: _____

No: _____

**If you answered "Yes" to question 4 above, please continue to question 5. If you answered "No" to question 4, your verdict is complete, answer no further questions.**

5. Has TCD proved by a preponderance of the evidence that ONE Brands and Hershey used a trademark similar to TOUGH COOKIE without the consent of TCD?

Yes: _____

No: _____

**If you answered "Yes" in favor of TCD to question 5 above, please continue to the questions below. If you answered "No" to question 5, your verdict is complete, answer no further questions.**

6. Has TCD proved by a preponderance of the evidence that ONE Brands and Hershey's use of Tough Cookies Only is likely to confuse ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods?

Yes: _____

No: _____

DEFENDANTS' [PROPOSED] VERDICT FORM
CASE NO.: 4:20-CV-09324-KAW

**If you answered "Yes" to question 6 above, please continue to the questions below. If you answered "No" to question 6, your verdict is complete, answer no further questions.**

7. Has ONE Brands and Hershey proved by clear and convincing evidence that TCD abandoned the TOUGH COOKIE trademark because it has (i) discontinued its use in the ordinary course of trade, intending not to resume using it; (ii) acted or failed to act so that TOUGH COOKIE's primary meaning to prospective customers has become the product itself and not the producer of the product; or (iii) failed to exercise adequate quality control over the goods sold under TOUGH COOKIE by a licensee?

Yes: _____

No: _____

**If you answered "No" to question 7 above, please continue to the questions below. If you answered "Yes" to question 7, your verdict is complete, answer no further questions.**

8. Has ONE Brands and Hershey proved by clear and convincing evidence that TCD committed fraud in obtaining the TOUGH COOKIE registration because TCD knowingly made a materially false representation to the United States Patent and Trademark Office ("USPTO") with the intention of deceiving the USPTO and damages resulted from the USPTO's reliance on TCD's materially false representation or omission?

Yes: _____

No: _____

9. Has TCD proved ONE Brands' by a preponderance of the evidence profits from the sale of ONE Brands' Chocolate Chip Cookie Dough Protein Bar?

Yes: _____

No: _____

**If you answered "Yes" to question 9 above, please continue to the questions below. If you answered "No" to question 9, your verdict is complete, answer no further questions.**

10. Specify the amount of profit TCD has proven by preponderance of the evidence were from the sale of ONE Brands' Chocolate Chip Cookie Dough Protein Bar:

Amount: $ _____._____.

11. Has Hershey and ONE Brands proved by a preponderance of the evidence that certain portions of profit from the sale of ONE Brands' Chocolate Chip Cookie Dough Flavored Protein Bar are attributable to factors other than the use of Tough Cookies Only?

Yes: _____

No: _____

12. Specify the amount of profit from the sale of ONE Brands' Chocolate Chip Cookie Dough Flavored Protein Bar that are attributable to factors other than the Tough Cookies Only personality tag.  Amount: $ _____._____.

*Please sign and return the verdict form.*

_____
Presiding Juror