United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COOKIE DEPARTMENT, INC.,<br>Plaintiff,<br>v.<br>THE HERSHEY COMPANY, et al.,<br>Defendants. | Case No. 20-cv-09324-KAW<br>**ORDER REGARDING PLAINTIFF'S "MOTION TO ENFORCE REASONABLE PRETRIAL SCHEDULE"**<br>Re: Dkt. No. 236 |

On October 31, 2022, Plaintiff filed an "Administrative Motion Requesting the Court to Enforce Reasonable Pretrial Schedule," namely prohibiting further dispositive motions, motions in limine, and motions concerning evidentiary issues. (Dkt. No. 236 at 5.) Plaintiff also complains of particular actions required by the Court, which Plaintiff contends has "create[ed] an unusual volume of pretrial work that is effectively depriving Plaintiff of critical time to prepare for trial." (*Id.* at 1.)

As an initial matter, the Court notes that it is not unusual for a court to ask for briefing on issues right before trial and even during trial as issues arise. In the instant case, the parties have been particularly contentious, requiring significant -- and oftentimes, unnecessary – use of the Court's limited judicial resources for typically straightforward motions, such as motions to file under seal. (*See* Dkt. No. 107.) Primarily for that reason, on September 28, 2022, the Court required the courtesy copies for the upcoming pretrial filings on a shortened schedule to ensure that the Court had the documents it needed to rule on the parties' anticipated filings. (Dkt. No. 135.) These pretrial filings ultimately included dozens of motions, objections, and dueling

filings.[1] While the Court is not privy to the agreements between the parties regarding who was responsible for delivering certain filings (*e.g.*, the joint administrative motion to file under seal) to the Court, the Court would have made the same requirements regarding the courtesy copies of the pretrial filings regardless of whether those filings had been timely received. The Court also notes that one of the reasons for its specific requirements regarding those filings was due to Plaintiff's chambers copies of the opposition to the motion for summary judgment, which did not tab each exhibit but rather stapled numerous exhibits together, requiring the Court spend several hours repeatedly going through voluminous documents to find the cited documents.[2]

The Court also observes that it was not privy to the specific sealing designations of the parties. With respect to the October 6, 2022 order to show cause, the Court did not know that Plaintiff did not actually designate the documents. (*See* Dkt. No. 118.) It is, however, unclear why Plaintiff believed it necessary to spend "hours responding" to the order to show cause when it could simply have stated that it did not designate the documents and that sealing was not necessary. (Dkt. No. 236 at 2.) Plaintiff could have also stated as such with respect to the sealing motion, which would have obviated the need for the order to show cause.

With that said, the Court continues to believe -- as stated in the pretrial conference -- that a Rule 12(c) motion is unlikely to be granted. To further clarify, while it appears that due diligence during Hershey's acquisition of ONE Brands is irrelevant, due diligence *post*-acquisition may be

[1] For example, the parties should have met and conferred and provided joint jury instructions and verdict forms. Because they did not, the Court was required to put significant time into reviewing the separate submissions and trying to piece them together. For example, the Court had to resolve objections to jury instructions that could have been resolved through a meet and confer. (*See* Dkt. No. 222 at 11.) Plaintiff also objected to a proposed jury instruction that listed the *Sleekcraft* factors, while at the same time proposing a jury instruction with the same factors. (*Id.*) If the parties had properly prepared the filings jointly, they may have been able to avoid such objections entirely. Similarly, the Court was required to review Defendants' objections to over 60 of Plaintiff's exhibits, to which Plaintiff did not respond either in writing or at the pre-trial conference. Again, if the parties had met and conferred beforehand, both Plaintiff's exhibits and Defendants' objections (and, hence, the Court's review) may not have been necessary.

[2] Indeed, despite being providing detailed instructions in the September 28, 2022 order, Plaintiff still failed to provide properly tabbed courtesy copies of the pretrial filings. (*See* Dkt. No. 164.) Rather than require Plaintiff to resubmit these documents, the Court's staff took significant time to insert tabs and organize the filings -- time that could have been spent on reviewing the documents on their legal merits.

United States District Court
Northern District of California

relevant if it occurred after the trademark was registered. Moreover, Ms. Harper explains that after ONE Brands was acquired, it had to follow "Hershey's tightly controlled processes for brand marketing management, including management and legal review processes." (Harper Report ¶ 130.) This including reviewing flavor lines. (Harper Report ¶ 131.) Despite apparently being aware of Plaintiff's pending trademark application and concerns by creative director Janelle Knaus about the ongoing use of the "Tough Cookies Only" personality tag, the packaging was still approved. (Harper Report ¶¶ 137-38.) Further, to the extent Defendants intend to file a Rule 12(c) motion solely based on the pleadings (thus requiring no evidentiary rulings at all), such a motion would appear untimely and place undue burden on both Plaintiff and the Court. Therefore, no 12(c) motion will be considered by the court. This does not prevent Defendants from filing a Rule 50 motion after Plaintiff presents its case in chief if it believes one is warranted.

As to Plaintiff's concerns that Defendants seek to file a motion for reconsideration or motion for third summary judgment as to the "sham affidavit" issue, the Court does not see a basis for either motion to be filed.[3] The Court already reviewed both declarations by Mr. Resnikoff and did not find that the second declaration is a sham affidavit warranting summary judgment. The Court also sees no basis for any additional motions in limine. The parties should instead focus on their response to the Court's request for supplemental briefing as to the motion to strike, as well as the other actions necessary to present this case at trial.

Accordingly, the Court TERMINATES Plaintiff's motion.

IT IS SO ORDERED.

Dated: November 1, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

[3] This will be discussed more fully in the court's final order regarding pending motions.