1  SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
   Sanjiv N. Singh (SBN 193525)
2  1650 S. Amphlett Blvd. Suite 220
   San Mateo, CA 94402
3  Phone: (650) 389-2255
4  Email: ssingh@sanjivnsingh.com

5  INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
   Michael B. Indrajana (SBN 258329)
6  1650 S. Amphlett Blvd. Suite 220
   San Mateo, CA 94402
7  Phone: (650) 597-0928
8  Email: michael@indrajana.com

9  Attorneys for Plaintiff The Cookie Department, Inc.

10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

| THE COOKIE DEPARTMENT, INC., a California Corporation, | Case No.: 4:20-cv-09324-KAW |
|---|---|
| Plaintiff, | **PLAINTIFF THE COOKIE DEPARTMENT, INC.'S ADMINISTRATIVE MOTION TO CONSIDER FILING UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFF'S SUPPLEMENTAL BRIEFING ON CORRECTIVE ADVERTISING DAMAGES** |
| vs. | |
| THE HERSHEY COMPANY, a Delaware Corporation; ONE BRANDS, LLC, a Foreign Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE, | |
| Defendants. | [Made under L.R. 79-5 and filed in connection with Plaintiff's Pretrial Discovery Excerpts] |

Pursuant to Fed. R. Civ. P. 5.2(d), Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order entered in this case (Dkt. No. 36), Plaintiff The Cookie Department, Inc. ("Plaintiff" or "TCD"), by and through their undersigned attorneys, submits this motion to consider whether to file under seal certain exhibits attached to the Plaintiff's Supplemental Briefing on Corrective Advertising Damages where the exhibits were provisionally designated by Defendants as Highly Confidential – Attorneys' Eyes Only when they were produced to Plaintiff in this case).

## I.  Legal Standard for Sealing Documents in the Northern District of California

Civil Local Rule 79-5(b) requires that, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as "sealable"). The request [to seal] must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Moreover, California courts have recognized that information which may seriously implicate privacy interests of the litigants or third parties should be protected. See *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-35 (1984)). Finally, there is a strong presumption of the right of public access to court records. California courts have found that absent a "compelling reason," court records should not be filed under seal. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts do not tolerate overly broad attempts by parties to file documents under seal that fails to comply with Local Rule 79-5. *See Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1359-60 (Fed. Cir. 2020) (Reversing a Northern District of California court order to seal where the party attempted to seal an "astonishing" amount of material, including the majority of exhibits and large swaths of briefings and declarations, without supporting declarations why such sealing was narrowly tailored and rise to the level of compelling reasons sufficiently specific to bar the public access to the documents). Moreover, the Ninth Circuit has vacated a district court order to seal documents where the party conceded that at least one of the orders to seal inappropriately extended to non-confidential material. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

## II. Exhibits to be Considered for Sealing

Defendants designated (or provisionally designated) as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. No. 36) the following documents and deposition transcripts:

- Deposition Testimony of Amanda Schlumpf (attached as Exhibit 2 to the Declaration of Sanjiv N. Singh in support of Plaintiff The Cookie Department, Inc.'s Motion to Consider Filing Under Seal Certain Exhibits to Plaintiff's Supplemental Briefing on Corrective Advertising Damages (the "Singh Decl."));
- Expert Report of Hal Poret (Excerpted pages 58-62 of the report is attached as Exhibit 7 to the Singh Decl.);
- Expert Report of W. Todd Schoettelkotte (Excerpted Schedules 5.0, 5.1, 5.2, and 6.0 of the report is attached as Exhibit 8 of the Singh Decl.); and
- Expert Report of Peter Kent (Excerpted pages 29-31 of the report is attached as Exhibit 9 to the Singh Decl.)

Plaintiff takes the position that the vast majority of the excerpts of the expert reports and deposition transcripts do not contain highly sensitive and/or confidential information that merits sealing under Civil Local Rule 79-5(b) or any other controlling case law.

Plaintiff understands that Defendants, under Local Rule 79-5(f)(3), within seven days of the filing of this motion, must file a statement under Local Rule 79-5(c) justifying its designation of the above-referenced excerpts as Highly Confidential – Attorneys' Eyes Only.

Dated:  November 1, 2022

Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

By: */s/ Sanjiv N. Singh*
    Sanjiv N. Singh

INDRAJANA LAW GROUP, A PROFESSIONAL CORPORATION


By: */s/ Michael B. Indrajana*
    Michael B. Indrajana

Attorneys for Plaintiff The Cookie Department, Inc