UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COOKIE DEPARTMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, et al.,<br><br>Defendants. | Case No. 4:20-cv-09324-KAW<br><br>**ORDER DENYING STEVIE CLEMENTS'S MOTION TO QUASH THE TRIAL SUBPOENA**<br><br>Re: Dkt. Nos. 183, 203 |

On October 13, 2022, non-party Stephanie Clements (a/k/a Stevie Clements) filed a motion to quash the trial subpoena issued by Defendants The Hershey Company and ONE Brands, LLC. (Mot., Dkt. No. 183.) On October 19, 2022, Defendants filed an opposition, in which they requested that the motion be either denied or, in the alternative, be modified to require Clements to testify virtually. (Defs.' Opp'n, Dkt. No. 203.) On October 25, 2022, Clements filed a reply. (Reply, Dkt. No. 220.)

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at trial. Fed. R. Civ. P. 45(c)(1). If the person resides more than 100 miles from, but still within the state of the place of compliance, the non-party may be commanded to attend a trial if it "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii).

Clements lives in West Hollywood, California, which is more than 100 miles from Oakland, California, the place of compliance, and she does not regularly conduct business in or around Oakland. (*See* Decl. of Stephanie Clements, "Clements Decl.," Dkt. No. 183-1 ¶ 2.) During the One Brands rebranding efforts, Clements "managed a team of two other people, a designer and a copywriter, who contributed to design options, presentations, photography, and of

1  course, copy, to be presented to One Brands." (Mot. at 6.)  Now, Clements moves to quash the
2  trial subpoena on the grounds that requiring her to testify in person would subject her to an undue
3  burden. (Mot. at 4.)  Specifically, Clements provides that her mother is suffering from "serious
4  medical issues and will likely need to undergo major surgery within the next month," she is a
5  high-level manager working on multiple time sensitive projects that cannot be rescheduled, and
6  that she has a family vacation scheduled from November 15-20, 2022. *Id.* at 5-6.  Given these
7  circumstances, Clements contends that traveling to Oakland would be an extreme burden. *Id.* at 5.
8  She further argues that her potential testimony is of minimal value and only marginally relevant,
9  in part, because she lacked any decision-making authority over what One Brands adopted,
10 rendering her "not competent to testify as to why those other witnesses, including Mr. Burns,
11 made any specific decision related to the One Bar rebrand." (Mot. at 6-7.)

12         In opposition, Defendants argue that Clements's testimony is relevant because the "Tough
13 Cookies Only" tagline forms the basis of this lawsuit and her team presented design options and
14 copy to One Brands for their consideration and ultimate adoption. (Defs.' Opp'n at 5-6.)  Thus,
15 Clements has unique and material knowledge with respect to the intent behind the addition of the
16 "Tough Cookies Only" personality tag, as well as One Brands' initial Brand Guide, which she
17 principally drafted. *Id.* at 6.  As a result, Defendants contend that her testimony is pivotal to
18 explaining that Defendants did not intentionally target Plaintiff's mark. *Id.*

19         In reply, Clements disputed Defendants' characterization that she was the principal drafter
20 of the Brand Guide, and, instead, claimed that, "[a]t most, Ms. Clements's testimony could be
21 used to show that another member of the rebranding team developed the Tough Cookies Only
22 tagline, it was included as a tagline option in presentations to One Brands, and it was ultimately
23 chosen by One Brands as the tagline for the Chocolate Chip Cookie Dough One Bar." (Reply at 5-
24 6.)

25         On October 19, 2022, Plaintiff served its own trial subpoena on Clements, so, in the
26 interest of judicial economy, this order addresses both trial subpoenas. (*See* Reply at 1 n. 2.)  The
27 Court recognizes the burden that Clements would undergo to appear in-person at the trial, which is
28 only exacerbated by the challenges of air travel during the pandemic.  The parties' willingness to

permit her to testify virtually would ameliorate the burdens associated with travel. (Defs.' Opp'n at 7-8.) At the October 26, 2022 hearing, the parties also agreed to further limit the burden on Clements, including that they would coordinate so that she would only have to testify on the single trial day of her choosing and that her testimony would be limited to a total of 90 minutes.

The Court finds that Clements's testimony is relevant and not duplicative of that of other witnesses, and, therefore, DENIES[1] the motion to quash the trial subpoenas, but it MODIFIES the subpoenas to permit Clements to testify virtually. Additionally, Clements' testimony will occur on the day of trial of her choosing and the length of her testimony will not exceed 45 minutes per side and 90 minutes total. Clements shall provide Defendants with her date of testimony by **November 3, 2022**.[2]

IT IS SO ORDERED.

Dated: November 2, 2022

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court declines to quash the subpoenas for failure to tender witness fees at the time of service. (See Mot. at 10.)
[2] Clements is reminded that November 11, 2022 is a court holiday, so trial will not go forward on that date.

3